1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOE HAND PROMOTIONS, INC.,                  No. C 12-02706 SI

12          Plaintiff,                          **ORDER DENYING MOTION FOR
                                                DEFAULT JUDGMENT AND
13    v.                                        GRANTING MOTION TO SET ASIDE
                                                DEFAULT; AND SETTING CASE
14  CHRISTOPHER V. CARIASO, dba Fight and       MANAGEMENT CONFERENCE FOR
    Fitness, Inc.,                              NOVEMBER 6, 2012 AT 3:00 P.M.**
15
16          Defendant.
                                        /
17

18          Plaintiff's motion for entry of default judgment and defendant's motion to set aside default are

19  currently scheduled for hearing on November 2, 2012.  Pursuant to Civil Local Rule 7-1(b), the Court

20  finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing.

21  Having considered the papers submitted, and for good cause shown, the Court hereby DENIES the

22  motion for entry of default judgment and GRANTS the motion to set aside the default so that this matter

23  may be heard on its merits.  **The Court sets the next case management conference for Tuesday,
    November 6, 2012 at 3:00 p.m.**

24          This case was filed on May 25, 2012.  Defendant Cariaso was served on July 17, 2012, but no

25  answer was filed.  The clerk entered default on August 27, 2012.  On September 20, 2012, plaintiff filed

26  a motion for entry of default judgment, and on September 27, 2012, defendant filed a motion to set aside

27  the default.

28          "[D]efault judgments are ordinarily disfavored.  Cases should be decided upon their merits

    whenever reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  A court may

set aside entry of default under Federal Rule of Civil Procedure 55(c) for "good cause shown." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  The "good cause" analysis considers three disjunctive factors: (1) whether defendant engaged in cuplable conduct that led to default; (2) whether defendant has a meritorious defense; or (3) whether plaintiff would be prejudiced by setting aside the default.  *Id.* at 926.  Here, the Court finds that defendant Cariaso has shown, in his declaration submitted in support of his pro se motion to set aside the default (Docket No. 18-1), that he did not engage in culpable conduct with respect to the default, defendant may have a meritorious defense, and plaintiff would not suffer prejudice if the default is set aside.

Accordingly, the Court denies plaintiff's motion for default judgment and sets aside the default.  **The Court will hold a case management conference on Tuesday, November 6, 2012 at 3:00 p.m.**

**IT IS SO ORDERED.**

Dated: October 23, 2012

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2