United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOE HAND PROMOTIONS INC,                    No. C 12-2706 SI

12              Plaintiff,                       **ORDER DENYING DEFENDANT'S
                                                 MOTION TO DISMISS AND DENYING**
13        v.                                     **PLAINTIFF'S MOTION TO STRIKE;
                                                 AND VACATING DECEMBER 21, 2012**
14   CHRISTOPHER CARIASO, *et al.*,              **HEARING**

15              Defendants.

16   _____/

17        Defendant Cariaso's motion to dismiss the complaint and plaintiff's motion to strike are

18   scheduled for a hearing on December 21, 2012. Docket Nos. 28 & 31.  Pursuant to Civil Local Rule 7-

19   1(b), the Court determines that these matters are appropriate for resolution without oral argument, and

20   VACATES the hearing.  **The case management conference has been rescheduled to December 20,**

21   **2012 at 9:00 a.m.**

22

23                                    **BACKGROUND**

24        Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports

25   programming, brought suit against Christopher Cariaso, individually and d/b/a Fight and Fitness, and

26   against Fight and Fitness, Inc. The complaint alleges that Fight and Fitness is located at 123 Van Ness

27   Avenue, San Francisco, and that Cariaso is the legal operator of Fight and Fitness. Compl. ¶¶ 7-8.

28

1    The complaint alleges that plaintiff was granted the exclusive nationwide commercial

2   distribution (closed-circuit) rights to *Ultimate Fighting Championship 130: Quinton Jackson v. Matt*

3   *Hamill,* including the undercard bouts and commentary (the "Program").  *Id.* ¶ 16.  The complaint

4   alleges that defendants "unlawfully intercepted and broadcasted" the Program on May 28, 2011, at Fight

5   and Fitness. *Id.* ¶ 11. The complaint alleges that defendants are liable under the Federal Communications

6   Act, 47 U.S.C. §§ 553 and 605, for receiving, intercepting and assisting in the receipt or interception

7   of licensed programming.   47 U.S.C. § 605 prohibits the unauthorized interception of satellite

8   programming, and 47 U.S.C. § 553 prohibits unauthorized interception of cable programming. The

9   complaint does not allege which method of transmission defendants used.

**LEGAL STANDARD**

12    Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

13   fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss,

14   the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

15   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff

16   to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

17   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of

18   specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."

19   *Twombly*, 550 U.S. at 555, 570.

20    In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

21   must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the

22   plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the

23   court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

24   of fact, or unreasonable inferences."  *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

25   2008).

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

Defendant Cariaso has moved to dismiss the complaint. Defendant states that he showed the Program through a streaming Internet connection and that he did not intercept any cable or satellite signal. Defendant has submitted a declaration stating that on May 28, 2011, the Program was shown at Fight and Fitness after regular business hours during a private gathering for his friends and family, and that an employee of Fight and Fitness paid for the transmission of the Program through a "Roku" device which streamed an Internet signal.  Docket No. 28-1 ¶¶ 6-8.  Based upon these factual assertions, defendant argues that "plaintiff has no standing to bring cable and satellite theft law claims against me." Docket No. 28 at 3:3.

The Court concludes that dismissal is not appropriate because defendant's motion presents factual questions that cannot be resolved at this stage of the litigation.  Defendant's motion to dismiss is premised on the factual assertion that defendant did not violate the Communications Act because defendant streamed the Program from the internet. However, the complaint alleges claims for unlawful interception of cable and satellite programming, and plaintiff is entitled to take discovery in order to determine the precise method of interception.  Defendant may renew his arguments on a fuller factual record in a motion for summary judgment.

Accordingly, the Court DENIES defendant's motion to dismiss the complaint.  The Court sustains plaintiff's objections to the Solomon declaration and DENIES plaintiff's motion to strike.  The Court DENIES AS MOOT defendant's request to allow Mr. Solomon to represent him at the hearing, as the hearing on the motion has been vacated.

**IT IS SO ORDERED.**

Dated: December 18, 2012

SUSAN ILLSTON
United States District Judge

3